```
            IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE MIDDLE DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )
     v.                     )    CR. NO. 1:05cr123-T
                            )
GENE A. HUGHES              )
```

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Forfeiture Allegation of the Information in the above case, the United States sought forfeiture of specific property and because defendant Gene A. Hughes agrees to this preliminary order,

IT IS HEREBY ORDERED THAT the government's motion to enter preliminary order of forfeiture (Doc. No. 30) is granted as follows:

1. As the result of the guilty plea for Count 1 of the Information, for which the Government sought forfeiture of the property described below pursuant to Title 21, United States Code, Section 853, the defendant Gene A. Hughes shall forfeit to the United States:

The real property known as Sellersville Cash 'n Carry located at 2281 County Road 40, Samson, Alabama, being more particularly described as follows:

> Beginning at the NE corner of the NW 1/4 of the SW 1/4 of Section 24, Township 2 North, Range 20 East and running West along the forty line 205 feet to the Southwest point and post, thence Southeast to the Samson-Coffee Springs Highway 190 feet, plus or minus 5 feet, thence Northeast along Samson-Coffee Springs paved road 175 feet to a cement post or fence post

        on the East forty line of the NW 1/4 of the SW 1/4, thence North along said East forty line of said quarter section 130.6 feet to the point of beginning, and containing 80/100 (eighty hundredths) acre, more or less, and being described as partials of Block 39, 47, 46, and or 38, less streets or alleys as plotted Book F, page 264 of Section 24 that lies West of East forty line of said quarter section and Northwest of said paved Samson-Coffee Springs road according to map and plat of the Town of Sellersville, Alabama, recorded in the Office of Judge of Probate of Geneva, Alabama, in Plat Book 1.

    2.    The Court has determined, based on the record and the forfeiture allegation in the Information, that the above described real property (the real property) is subject to forfeiture pursuant to Title 21, United States Code, Section 853, that defendant Gene A. Hughes has an interest in said real property and, that the government has established the requisite nexus between said real property and the offenses for which defendant Gene A. Hughes pleaded guilty.

    3.    Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the real property, and to conduct any discovery proper in identifying, locating or disposing of said real property, in accordance with Fed. R. Crim. P. 32.2(b)(3).

    4.    Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the real property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in said real property.

6. Any person, other than the above named defendant, asserting a legal interest in the real property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the said real property, and for an amendment of the order of forfeiture pursuant to Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the real property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest and the time and circumstances of the petitioner's acquisition of the right, title

or interest in said real property, any additional facts supporting the petitioner's claim and the relief sought.

9. Upon the filing of any motion under Fed.R.Crim.P. 32.2(c)(1)(A) and Title 21, United States Code, Section 853(n) and pursuant to Fed.R.Crim.P. 32.2(c)(1)(B) and before a hearing, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the real property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office for the Middle District of Alabama.

SO ORDERED this the 27th day of October, 2005.

                                          /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE